MONTROSE LUMBER CO. v. JEFFERSON.

(Court of Civil Appeals of Texas. Galveston. Jan. 18, 1913. Rehearing Denied Feb. 13, 1913.)

1. TRIAL (§ 26*) — POSTPONEMENT — ABSENT WITNESS.

On calling a case set for trial for Saturday December 23d, defendant moved for a postponement until its president, who was its only witness, arrived, and the trial was postponed until December 26th, the court stating that counsel must be there promptly. Defendant's president reached town Monday night, the 25th, and talked with its counsel over the telephone, and agreed to meet him the next morning at the trial, but when the case was called counsel said that the witness was in town and was called three times, but failed to answer, and the case proceeded to trial without such witness, who was unwell with la grippe at his hotel about 75 yards from the courthouse, and his evidence was material. Held, that there was no abuse of discretion in denying a postponement.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 42; Dec. Dig. § 26.*]

2. CONTINUANCE (§ 22*)—DISCRETION OF TRIAL JUDGE.

The trial judge has a large discretion in granting continuances to procure absent witnesses, etc.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 58–67; Dec. Dig. § 22.*]

3. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—GENERAL ASSIGNMENTS.

An assignment of error "in overruling the motion for a new trial" is too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

4. MASTER AND SERVANT (§ 80*)—VALUE OF SERVICES—EVIDENCE.

In an action for the value of services in looking after a sawmill, evidence held to sustain an award of $600.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. § 80.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Suit by J. S. Jefferson against the Montrose Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

H. C. Howell, of Jasper, for appellant.

REESE, J. J. S. Jefferson brought suit in the district court against the Montrose Lumber Company to recover $840, alleged to be due him for services in looking after the sawmill and premises of defendant from March 4, 1908, to September 4, 1910. Defendant pleaded general denial and the statute of limitation of two years. The suit was filed October 26, 1910. A trial without a jury resulted in a judgment for plaintiff for $793.30. A remittitur of $193.30 having been filed, judgment was finally entered for $600, from which the defendant appeals.

[1, 2] By the first assignment of error appellant complains of the action of the court in refusing to postpone the trial, when the case was called for trial at 8 o'clock a. m. on December 26th, in order to allow him to get John Flynn, a witness for defendant, into court to testify. Flynn was the president of the company. The case was tried on the testimony of appellee alone; appellant having no other witness than Flynn. A bill of exceptions was taken to the action of the court. As explained by the court and finally approved, it shows the following facts: The case was set for trial, when the docket was sounded on the first day of the term, for Saturday, December 23d. When the case was reached and called for trial on that day the plaintiff announced ready for trial, and the defendant moved the court to postpone the case until the witness Flynn could get from Houston, which was resisted by plaintiff on account of the crowded condition of the docket, and to postpone meant a continuance, but the court postponed the trial until 8 o'clock a. m. December 26th. The court told counsel on both sides that

they must be there promptly, as it was the only hour the case could get; a rape case being set for 9 o'clock a. m. that day. Witness Flynn reached Jasper (where the court was being held) on Monday night (the 25th) and talked over the telephone with his counsel about the case, and was to meet him at 8 o'clock next morning. When the case was called, at 8 o'clock, defendant's counsel told the court that the witness Flynn was in town, and he was called three times and failed to answer. The case proceeded to trial, as the court refused the defendant's request to wait for Flynn. During the trial the officers went to the hotels and Flynn could not be found, and so announced to the court, when the plaintiff rested his case. No excuse was given for the failure of Flynn to appear. It is shown by the bill, and not contradicted by the court's qualification, that Flynn was the president of the defendant company; that he lived in Michigan, whence he had come to testify in this case, and that his testimony was material; that counsel understood that he was unwell, with la grippe, at his hotel, which was about 75 yards from the courthouse; and that Flynn was his only witness. The weather was cold and wet. The case was tried upon the testimony of appellee alone. Under these facts it is contended by appellant that it was an abuse of discretion for the trial court to refuse to postpone the trial a few minutes to enable him to get the witness into court. In addition to the facts shown by the bill of exceptions and the court's qualification thereof, the record discloses that the pleadings cover 4 typewritten pages, that the exceptions of defendant, 6 in number, were presented and overruled, and the testimony of appellee covers 13 typewritten pages, interspersed with several objections to testimony. While all this was going on, the pleadings read, the exceptions presented and ruled upon and the testimony of appellee being heard, it seems rather extraordinary that the witness, less than a hundred yards away, in a small town, could not have been found and brought to the courthouse, or would not know that he was needed there. His counsel had been warned of the necessity of promptness. Under the facts disclosed we do not think there was any abuse of discretion on the part of the court. In matters of this kind, it is not only proper, but it is absolutely essential, to the due and orderly conduct of the business of his court, which it is the duty of the judge to control, that he have a very large discretion in dealing with cases such as is here presented, where the business is under his eye.

[3] The second assignment of error is as follows: "The court erred in overruling and denying defendant's motion for a new trial in this cause on the grounds specified and fully set forth in said motion." Five several and distinct grounds for a new trial are set out in this motion. Cutting out useless words which add nothing to the assignment, it is that "the court erred in overruling the motion for a new trial." It is hardly necessary to cite authority in support of the proposition that the assignment is too general to require consideration. Pearson v. Flanagan, 52 Tex. 276.

The court prepared and filed conclusions of facts. No specific objection to any of them is made by the assignments of error.

[4] The third assignment of error attacks the judgment on the ground that it is shown to be excessive by the plaintiff's own testimony. Plaintiff testified, as to his employment by appellant, that the amount of his compensation was not agreed upon, but that the amount charged by him, $25 per month for 30 months, "was cheap"; that, in fact, it was worth $50 per month. He did not at any time demand $300 as the amount due him, but requested a payment of that much on account. That is the substance of his testimony. At one time, in order to get an immediate settlement in cash, he agreed, if the amount was paid at once, to take $12.50 a month. But nothing was paid; on the contrary, according to his testimony, Flynn slipped off back to his home in Michigan to avoid service on him.

We have examined the entire testimony, and find that it fully supports the judgment. Finding no error, the judgment is affirmed.

Affirmed.